UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY J. SMITH, MARIE L. SMITH, and
MID-POINT BINGO, INC.,

                    Plaintiffs,

vs.                              Case No.   2:03-cv-188-FtM-29SPC

HOMER F. DOWNS, II, LLOYD L.
LATHROP, CAPE CORAL BINGO, INC.,
BB&B MANAGEMENT CONSULTANTS, INC.,
JON D. GOLDSTEIN, JDG LEASING-PHASE
II, INC., JONATHAN KAPLAN, AMUSEMENT
& MANAGEMENT CO., INC. OF LEE
COUNTY,

                    Defendants.

UNITED STATES OF AMERICA,

                    Intervenor.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Plaintiffs' Motion for Partial Summary Judgment Against Homer F. Downs, II (Dispositive in Part) (Doc. #131) filed on August 18, 2005.  Responses were filed by all defendants, except for Homer F. Downs, II.  (Docs. #137-139).  The parties submitted affidavits and depositions in support of their respective briefs.

Plaintiffs' seven-count Amended Complaint (Doc. #74) concerns the operation of commercial bingo halls in Lee County, Florida. As the Amended Complaint sets forth, bingo is a "popular game of skill and chance," that is a regulated gambling activity under Florida law. (Id. ¶¶ 15, 16). According to the Amended Complaint, plaintiffs and defendants are competitors who operate commercial bingo halls on behalf of charities in the Fort Myers area. (Id. ¶ 20). The smaller charities enter into contract or lease agreements with commercial bingo hall operators, like the plaintiffs and defendants, to conduct bingo games on their behalf. (Id. ¶ 17). The Amended Complaint alleges defendants conspired to eliminate competition in the commercial bingo market, and contains claims of violation of the federal civil RICO statute, the Sherman Antitrust Act, the Clayton Act, and the Florida antitrust law, as well as claims of breach of contract and interference with contractual relations.

In the Motion for Partial Summary Judgment, plaintiffs argue that they are entitled to partial summary judgment as to the liability of defendant Homer F. Downs, II. In support of their motion, plaintiffs attach several affidavits dating from 2003 through July 2005. Plaintiffs also assert that, because Downs will invoke his "privilege to avoid self-incrimination under the Fifth Amendment of the United States Constitution" (Doc. #131, Exh. 3, ¶ 3), the Court should draw an adverse inference against Downs. (Doc. #131, Exh. 2, p. 9). Defendants respond that any adverse

inference against Downs cannot be used against the co-defendants, and that there is outstanding discovery. Specifically, defendants assert that they "are in the process of scheduling depositions of these affiants." (Doc. #137, p. 3).

The Court finds that plaintiffs' partial summary judgment motion is due to be denied. As Rule 56 implies, district courts should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery." Snook v. Trust Co. of Ga. Bank, 859 F.2d 865, 870 (11th Cir. 1988); see also McCallum v. City of Athens, 976 F.2d 649, 650 (11th Cir. 1992) (noting that a party may move for summary judgment only after exchanging "appropriate" discovery). After a party moves for summary judgment, the non-movant "bears the burden of calling to the district court's attention any outstanding discovery." Cowan v. J.C. Penney Co., 790 F.2d 1529, 1530 (11th Cir. 1986). A district court may grant summary judgment in the early stages of discovery only if "further discovery would be pointless" and the movant is "clearly entitled to summary judgment." Robak v. Abbott Labs., 797 F. Supp. 475, 476 (D. Md. 1992) (granting summary judgment in the "early stages" of discovery because "no material fact [could] be genuinely disputed under the allegations of the Complaint"). Thus, out of fairness to the non-movant, "summary judgment may only be decided upon an adequate record." WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988).

The Court concludes that plaintiffs' partial summary judgment motion does not satisfy this standard.  A review of the Scheduling Order sets forth the discovery deadline as November 1, 2005 and the dispositive motion deadline as November 12, 2005.  Moreover, in their Responses, defendants bring to the Court's attention that depositions of the individuals who provided affidavits in support of plaintiffs' partial summary judgment motion are in the process of being scheduled.  If the Court were to rule on the merits of plaintiffs' partial summary judgment, such ruling would frustrate defendants' right to factually investigate the claims.

Accordingly, it is now

**ORDERED**:

Plaintiffs' Motion for Partial Summary Judgment Against Homer F. Downs, II (Dispositive in Part) (Doc. #131) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of October, 2005.

JOHN E. STEELE
United States District Judge